UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| Kathleen Uzlik, <br><br>　　　Plaintiff, <br><br>v. <br><br>Capital One Bank, N.A.; and <br>Equifax Information Services, LLC; <br><br>　　　Defendants. | Case No. 2:23-cv-247 |

## INTRODUCTION

1. This is an action brought by an individual consumer for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff is a resident of Westmoreland County, PA.

5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

6. Defendant Capital One Bank, N.A. is a furnisher of consumer credit information to consumer reporting agencies.

7. Defendant Equifax Information Services, LLC is engaged in the business of maintaining and reporting consumer credit information for profit.

8. Equifax is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

9. In or about December 2022, Plaintiff obtained a copy of her credit report.

10. Upon review of her credit report, Plaintiff observed that Capital One was reporting a derogatory account that she did not recognize.

11. The reporting listed Plaintiff as an authorized user of the account.

12. Plaintiff believes the account belongs to her ex-husband.

13. Plaintiff does not use the card, has no access to its use, has no control over its use, nor does she have any financial responsibility for the card or whether it gets paid.

14. The account's presence on Plaintiff's consumer report causes her anxiety and emotional distress, because she is worried her ex-husband will continue to miss payments on the account and further harm her credit.

15. The account's presence on Plaintiff's consumer report harms Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness, and overstates Plaintiff's credit utilization and liability.

16. Equifax published the inaccurate information regarding the account to third parties.

**WRITTEN DISPUTE**

17. Plaintiff sent a written letter to Equifax dated December 2, 2022, disputing the inaccurate information regarding the account reporting on Plaintiff's consumer report.

18. Upon information and belief, Equifax forwarded Plaintiff's dispute to Capital One for reinvestigation.

19. Upon information and belief, Capital One received notification of Plaintiff's dispute from Equifax.

20. Capital One failed to conduct a reasonable investigation, failed to contact Plaintiff or any third parties, and failed review underlying account information with respect to the disputed information and the accuracy of the disputed information.

21. Equifax failed to conduct an investigation, contact Plaintiff, contact third parties, or review underlying account information with respect to the disputed information and the accuracy of the disputed information.

22. Capital One failed to instruct Equifax to remove the false information reporting on Plaintiff's consumer report.

23. Equifax employed an investigation process that was not reasonable and did not remove the false information identified in Plaintiff's dispute.

24. Equifax employed internal processes that were not reasonable and failed to ensure the maximum possible accuracy of the information reported on Plaintiff's consumer report.

25. At no point after receiving the dispute did any Defendant communicate with Plaintiff to determine the veracity and extent of Plaintiff's dispute.

## COUNT I – Capital One

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681s-2(b))

26. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

27. After receiving the dispute, Capital One failed to correct the inaccurate information regarding the account reporting on Plaintiff's consumer reports.

28. Capital One violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate Plaintiff's dispute; by failing to review all relevant information regarding Plaintiff's dispute; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of false representations to the consumer credit reporting agencies, among other unlawful conduct.

29. As a result of this conduct, action, and inaction of Capital One, Plaintiff suffered damages, and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

30. Capital One's conduct, action, and inaction was willful, rendering it liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

31. In the alternative, Capital One was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

32. Plaintiff is entitled to recover costs and attorneys' fees from Capital One pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

## COUNT II – Equifax

### (Fair Credit Reporting Act Violation – 15 U.S.C. § 1681e(b))

33. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

34. After receiving Plaintiff's dispute, Equifax failed to correct the inaccurate information reporting on Plaintiff's consumer report.

35. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning Plaintiff.

36. As a result of this conduct, action and inaction of Equifax, Plaintiff suffered damage, and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

37. The conduct, action, and inaction of Equifax was willful, rendering it liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

38. In the alternative, Equifax was negligent, and Plaintiff is entitled to recover damages under 15 U.S.C. § 1681o.

39. Plaintiff is entitled to recover costs and attorneys' fees from Equifax pursuant to 15 U.S.C. § 1681n and/or § 1681o.

### COUNT III – Equifax

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681i)

40. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

41. After receiving Plaintiff's dispute, Equifax failed to correct the inaccurate information reporting on Plaintiff's consumer report.

42. Equifax violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

43. As a result of this conduct, action and inaction of Equifax, Plaintiff suffered damage, and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

44. The conduct, action, and inaction of Equifax was willful, rendering it liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

45. In the alternative, Equifax was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

46. Plaintiff is entitled to recover costs and attorneys' fees from Equifax pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks remedies as defined by 15 U.S.C. § 1681 and demands:

1. Trial by jury.

2. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

3. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

4. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

5. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Dated:  February 15, 2023

/s/Matthew Gross
Matthew Gross, Esq.
Law Offices of Matthew Gross, P.C.
608 Laramie Place
Philadelphia, PA 19115
mattgrossesq@gmail.com

Mailing Address:
McCarthy Law, PLC
4250 North Drinkwater Blvd, Suite 320
Scottsdale, AZ  85251
Telephone: (602) 456-8900
Fax: (602) 218-4447
Attorney for Plaintiff